Stanley R. Woodruff, Respondent, *v.* Adolph Benesch and Morris C. Rosenbaum, Copartners, etc., Appellants.

(Supreme Court, Appellate Term, First Department, June, 1920.)

Evidence — admissibility of telephone conversations — stock-brokers.

> In an action against stockbrokers arising out of a purchase of corporate stock for plaintiff's account which he claimed was unauthorized, defendants, in support of their contention that plaintiff's order to purchase was given by him over the telephone to their office manager, are entitled to show that in such conversation plaintiff had instructed defendants' manager to sell other stock held by defendants in plaintiff's account and with the proceeds thereof to purchase the stock concerning which the action was brought, and the exclusion of such testimony tested by the rules regarding the admissibility of telephone conversations is prejudicial error for which a judgment in favor of plaintiff will be reversed and a new trial granted.

Appeal from a judgment of the City Court of the city of New York rendered upon a verdict of a jury.

Jesse S. Epstein (Arthur J. Brothers, of counsel), for appellants.

Chester Mayer (Edward U. Roth, of counsel), for respondent.

Delehanty, J. The vital issue herein arises out of a purchase by defendants (stockbrokers) for plaintiff's account of 225 shares of the Penn.-Virginia Coal and Coke Company. The plaintiff claims that such purchase was unauthorized, defendants contending that plaintiff's order to purchase said stock was given by him over the telephone to one Thompson, their New

York office manager. To prove this defendant called as a witness the said Thompson, who was interrogated and answered as follows: "Q. Do you know Dr. Woodruff, the plaintiff in this case? A. No, sir; not until this morning. I never met him until this morning. Q. Did you ever have any telephone conversation with Dr. Woodruff? A. I did. Q. How do you know that you were speaking to Dr. Woodruff on the telephone? A. By having talked with him several times on familiar subjects of his account: matters that he would and I would know more intimately than anybody else. Q. Well on or about November 21, 1918, did you 'phone to Dr. Woodruff at his home? A. On November 20th I telephoned him. Q. And did some one answer the wire? A. Yes, sir. Q. And what did they say as to their identity? A. They said, ' this is Dr. Woodruff.' Q. Have you heard the plaintiff's testimony today? A. I have. Q. And do you recall the voice over the telephone, as compared with his voice today? A. I do. Q. And are they the same voice? A. They are. Q. Now, will you tell us what conversation you had with Dr. Woodruff on November 20, 1918? Mr. Mayer: I object to the testimony, on the ground that it is incompetent and an improper identification."

The objection was sustained and excepted to. The intent of this proof was to establish that in this conversation plaintiff had instructed Thompson to sell certain other shares of stock held by defendants in plaintiff's account and with the proceeds thereof to purchase the Penn.-Virginia Coal and Coke Company stock referred to. As this offer of testimony went to the very crux of the case it is quite apparent that if improperly excluded a reversible error has been committed. Chamberlayne in his work on Evidence at page 174c states the general rule regarding the

admissibility of telephone conversations as follows: "A witness who testifies to a conversation conducted by means of a telephone may properly identify the speaker at the other end by means of his voice. Identification need not, however, take place in this way. The person in question may be entirely unacquainted with the voice of the one to whom he is speaking. The identification may come later. A conversation by telephone is admissible in evidence, when from all the circumstances the identity of the person answering the telephone is established with reasonable certainty and recognition of the voice or identity by admission of the person is not necessarily required. The fact that communication is being held with a person's office or place of business has an important bearing in this respect as tending to show that the person answering was the man in charge of the business there being conducted or authorized to represent the latter."

This rule has been followed in this state in the recent case of *Mankes* v. *Fishman,* 163 App. Div. 789, which holds that one who has held a conversation by telephone with another stated to have been defendant cannot testify, as to what that person said, unless he recognized his voice or his identity has been established with reasonable certainty by other evidence. Not only did the witness Thompson identify the voice of plaintiff after hearing his testimony herein as the voice of the individual who conversed with him on the telephone on November 20, 1918, but also recognized his identity from the manner in which he then and on previous occasions on the telephone had discussed the intimate details of his stock account with defendants herein. In *People* v. *Strollo,* 191 N. Y. 43, the court directly passed upon the point here discussed. There the witness could not identify the party's voice at the time of the telephone conversation but met him later

and at the trial testified that the voice which came over the telephone was the voice of defendant.  The court held that while the testimony was weak as to weight it was not incompetent.  Testing the proof submitted by the rule and authorities cited I conclude that the ruling of the learned court in the respect named was erroneous and highly prejudicial to the rights of defendant, which call for a reversal of the judgment appealed from and the granting of a new trial with costs to appellants to abide the event.

Judgment reversed and new trial ordered, with costs to appellants to abide event.